UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
MIGUEL VÁZQUEZ,

                     Petitioner,                    MEMORANDUM
    -against-                                                   AND ORDER
                                                                12-CV-3043 (JG)

GARY FILLION, Superintendent,
Coxsackie Correctional Facility,[1]

                     Respondent.
-----------------------------------------------------------------X
JOHN GLEESON, United States District Judge:

        Petitioner Miguel Vázquez, appearing *pro se* and currently incarcerated at Coxsackie Correctional Facility, petitions this Court pursuant to 28 U.S.C. § 2254. Petitioner pled guilty and was sentenced in the Supreme Court for the State of New York, Kings County, on May 23, 2005, to 12 years to life for attempted robbery in the second degree. Pet. ¶¶ 1-5, ECF No. 1. Petitioner did not file a direct appeal or otherwise challenge his conviction. *Id.* ¶¶ 8-10. Indeed, in the instant action petitioner does "not challeng[e] [his] criminal conviction per[]se." *Id.* ¶ 13. Instead, he writes, he is "using this Writ as a Special Writ of Habeas Corpus in order to address the herein constitutional violations." *Id.* ¶ 13. I grant petitioner's application to proceed *in forma pauperis*. *See* ECF No. 2.

## DISCUSSION

        Section 2254 permits habeas corpus review for prisoners in state custody pursuant to a judgment of a State court "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Here, petitioner does not challenge his custody pursuant to a state court judgment, and he admits as much. Pet. ¶ 13.

---

[1]     The Clerk of Court is respectfully directed to amend the case caption to conform to the caption set forth above, in accordance with Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts. As filed, the petition's case caption read, "A Modern Slave v. Slave Master, U.S. Government."

Rather, petitioner brings this petition to challenge "the slavery as punishment clause" of the U.S. Constitution. *Id.* ¶ 12. Petitioner argues in the abstract that "[t]he natural and intended reading of the slavery as punishment clause gives the U.S. government full authorization to allow[] slavery (and involuntary servitude)." *Id.* at 4-A. In his opinion, the Thirteenth Amendment and the Eighth Amendment are in "major conflict." *Id.* He exhorts, "This is the year 2012 and the time has come for the U.S. government to define: What slavery as punishment for a crime conditions are permissible under the Thirteenth Amendment and impermissible under the Eight[h] Amendment." *Id.* He further adds that "everyone's silence regarding the slavery as punishment condition upon our convictions is violative of our due process rights." *Id.* at 5-A. In sum, "sentencing convicted criminals to slave like conditions is not an acceptable policy option because it will violate amongst others, our human rights[; therefore,] the 'except as punishment' language of the Thirteenth Amendment must be declare[d] unconstitutional by this Court." *Id.* at 5-B.

Because petitioner does not challenge his Kings County conviction or allege that he is in custody in violation of the Constitution or laws of the United States, the petition is denied. In any event, any challenge to his custody would be dismissed as time-barred pursuant to the one-year period of limitations, which does not appear to have been tolled by any state-court appeals or collateral challenges. *See* 28 U.S.C. § 2244(d).

## CONCLUSION

Accordingly, the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is denied. As this petition presents no "substantial showing of the denial of a constitutional right," a certificate of appealability shall not issue. *See* 28 U.S.C. § 2253(c). This court's order to show cause dated June 20, 2012, ECF No. 4, directing a response to this petition, is vacated.

The Clerk of Court is respectfully directed to close this case.

                                                So ordered.


                                              John Gleeson, U.S.D.J.

Dated: June 21, 2012
       Brooklyn, New York